UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

WENDY LEE FLORES,

        Plaintiff,

        v.                                  **DECISION AND ORDER**
                                               18-CV-6530S

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.
_____

1.      Plaintiff Wendy Lee Flores brings this action pursuant to the Social Security Act ("the Act"), seeking review of the final decision of the Commissioner of Social Security that denied her application for supplemental security income under Title XVI of the Act. (Docket No. 1.) The Court has jurisdiction over this action under 42 U.S.C. § 405(g).

2.      Plaintiff protectively filed her application with the Social Security Administration on June 13, 2014. Plaintiff alleged disability beginning on June 1, 2007, due to bipolar disorder and anti-social disorder. (R.[1] at 47.) Plaintiff's application was denied, and Plaintiff thereafter requested a hearing before an administrative law judge ("ALJ"). On December 22, 2016, ALJ Brian Kane held a hearing at which Plaintiff, represented by her non-attorney representative, appeared and testified. Vocational Expert Timothy Janikowski also appeared and testified by telephone. At the time of the hearing, Plaintiff was 23 years old, with a GED and no prior work experience. (R. at 41, 54.)

---

[1] Citations to the underlying administrative record are designated as "R."

3. The ALJ considered the case *de novo* and, on May 10, 2017, issued a written decision denying Plaintiff's application for benefits. (R. at 10-18.) On May 18, 2018, the Appeals Council denied Plaintiff's request to review the ALJ's decision. (R. at 1.) Plaintiff then filed the current action on July 17, 2018, challenging the Commissioner's final decision.[2]

4. Both parties moved for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure. (Docket Nos. 11, 16.) Plaintiff filed a response on June 22, 2019 (Docket No. 17), at which time this Court took the motions under advisement without oral argument. For the reasons that follow, Plaintiff's motion is granted, and Defendant's motion is denied.

5. A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. See 42 U.S.C. §§ 405(g), 1383(c)(3); Wagner v. Sec'y of Health & Human Servs., 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will be reversed only if it is not supported by substantial evidence or there has been a legal error. See Grey v. Heckler, 721 F.2d 41, 46 (2d Cir. 1983); Marcus v. Califano, 615 F.2d 23, 27 (2d Cir. 1979). Substantial evidence is that which amounts to "more than a mere scintilla," and it has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed. 2d 842 (1971). Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. See Rutherford v. Schweiker, 685 F.2d 60, 62 (2d Cir. 1982).

---

[2] The ALJ's May 10, 2017, decision became the Commissioner's final decision in this case when the Appeals Council denied Plaintiff's request for review.

6. "To determine on appeal whether an ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining the evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." Williams ex rel. Williams v. Bowen, 859 F.2d 255, 258 (2d Cir. 1988). If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." Rosado v. Sullivan, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference and will not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a *de novo* review." Valente v. Sec'y of Health & Human Servs., 733 F.2d 1037, 1041 (2d Cir. 1984).

7. The Commissioner has established a five-step sequential evaluation process to determine whether an individual is disabled under the Act. See 20 C.F.R. §§ 404.1520, 416.920. The Supreme Court of the United States recognized the validity of this analysis in Bowen v. Yuckert, and it remains the proper approach for analyzing whether a claimant is disabled. 482 U.S. 137, 140-42, 107 S. Ct. 2287, 2291, 96 L. Ed. 2d 119 (1987).

8. The five-step process is as follows:

> First, the [Commissioner] considers whether the claimant is currently engaged in substantial gainful activity. If he is not, the [Commissioner] next considers whether the claimant has a "severe impairment" which significantly limits his physical or mental ability to do basic work activities. If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations. If the claimant

3

> has such an impairment, the [Commissioner] will consider him
> disabled without considering vocational factors such as age,
> education, and work experience; the [Commissioner]
> presumes that a claimant who is afflicted with a "listed"
> impairment is unable to perform substantial gainful activity.
> Assuming the claimant does not have a listed impairment, the
> fourth inquiry is whether, despite the claimant's severe
> impairment, he has the residual functional capacity to perform
> his past work. Finally, if the claimant is unable to perform his
> past work, the [Commissioner] then determines whether there
> is other work which the claimant could perform.

Berry v. Schweiker, 675 F.2d 464, 467 (2d Cir. 1982) (per curiam) (quotations in original); see also 20 C.F.R. § 416.920; Rosa v. Callahan, 168 F.3d 72, 77 (2d Cir. 1999).

9. Although the claimant has the burden of proof on the first four steps, the Commissioner has the burden of proof on the fifth and final step. See Bowen, 482 U.S. at 146 n.5; Ferraris v. Heckler, 728 F.2d 582, 584 (2d Cir. 1984). The final step is divided into two parts. First, the Commissioner must assess the claimant's job qualifications by considering his or her physical ability, age, education, and work experience. Second, the Commissioner must determine whether jobs exist in the national economy that a person having the claimant's qualifications could perform. See 42 U.S.C. § 423(d)(2)(A); 20 C.F.R. § 416.920(a)(4); Heckler v. Campbell, 461 U.S. 458, 460, 103 S. Ct. 1952, 1954, 76 L. Ed. 2d 66 (1983).

10. The ALJ analyzed Plaintiff's claim for benefits under the process set forth above. At step one, the ALJ found that Plaintiff has not engaged in substantial gainful activity since June 13, 2014, the application date. (R. at 12.) At step two, the ALJ found that Plaintiff has the severe impairments of depressive disorder and intermittent explosive disorder. Id. At step three, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals any impairment(s) listed in 20

C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 416.920(d), 416.925, 416.926). (R. at 13.)

11. Next, the ALJ found that Plaintiff retains the residual functional capacity ("RFC") to perform a full range of work at all exertional levels, but with the nonexertional limitation that that Plaintiff is capable of "frequent interactions with others." (R. at 14.)

12. At step four, the ALJ found that Plaintiff has no past relevant work. (R. at 16.) At step five, the ALJ found that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform. (R. at 17.) Accordingly, the ALJ found that Plaintiff is not disabled. Id.

13. Plaintiff argues that the ALJ's final determination is not supported by substantial evidence because (1) the ALJ failed to evaluate all the medical opinions of record, particularly that of consultative examiner Dr. Yu-Ying Lin and (2) the ALJ failed in his duty to develop the record. (Docket No. 11-1 at 19, 22.) For the following reasons, Plaintiff's motion is granted, and Defendant's motion is denied.

14. Plaintiff first argues that the ALJ failed to evaluate all the medical opinions provided, particularly that of Dr. Yu-Ying Lin. Defendant argues that because the ALJ refers to Dr. Lin's clinical findings, albeit without naming Dr. Lin, it is clear that the ALJ considered Dr. Lin's medical opinion. Defendant's argument fails.

15. The ALJ is required to consider "every medical opinion" received. 20 C.F.R. § 416.927(c). An ALJ must "give good reasons in [her] notice of determination or decision for the weight [she] give[s] [claimant's] treating source's opinion." Halloran v. Barnhart, 362 F.3d 28, 32 (2d Cir. 2004).

16. Even if an opinion is not from a treating physician, an ALJ has a duty to set forth his reasons for assessing medical evidence, and ultimately his RFC determination, "with sufficient specificity to enable [the Court] to decide whether the determination is supported by substantial evidence." Ferraris v. Heckler, 728 F.2d 582, 587 (2d Cir. 1984); see also Hamedallah ex rel. E.B. v. Astrue, 876 F. Supp. 2d 133, 142 (N.D.N.Y. 2012) ("A court cannot ... conduct a review that is both limited and meaningful if the ALJ does not state with sufficient clarity the legal rules being applied and the weight accorded the evidence considered.") (internal quotation marks omitted).

17. Here, the initial disability examiner stated that a consultative examination was needed because the "evidence as a whole… [was] insufficient to support a decision on the claim." (R. at 49.) Plaintiff thus met Dr. Yu-Ying Lin on September 2, 2014, for a psychiatric evaluation. Dr. Lin noted that Plaintiff had had 3-4 psychiatric hospitalizations as a teenager, and that her most recent mental health treatment was from 2011-2013, while she was incarcerated. (R. at 228.) Dr. Lin opined that Plaintiff had fair insight, poor judgment, and below average intellectual functioning. (R. at 230.) Dr. Lin opined that Plaintiff was mildly limited in attention and concentration, and in maintaining a regular schedule. Id. She could perform complex tasks, "but with supervision." Id. Plaintiff was moderately limited in making appropriate decisions and relating adequately with others, and markedly limited in appropriately dealing with stress. Id. Dr. Lin opined that these problems "may significantly interfere with the ability to function on a daily basis." (R. at 231.)

18. The ALJ clearly read Dr. Lin's report. In describing Plaintiff's symptoms, the ALJ discussed a psychiatric consultative examination from September 2014 that reported

6

"sleep disturbances, weight loss, irritability, crying spells, anhedonia, difficulty concentrating, restlessness, anxiety, anger problems, feelings of persecution, and difficulty managing emotions." (R. at 15.)

19. Additionally, the ALJ found that Plaintiff had moderate limitations in getting along with others, dealing appropriately with authority, spending time in crowds, managing her mood, and getting along with caregivers, limitations that seem to comport with Dr. Lin's opinions. (R. at 13). However, the ALJ made no mention of whether or how he incorporated Dr. Lin's opinions in assessing those limitations. He then proceeded to find an RFC that appears to contradict Dr. Lin's opinions.

20. The ALJ's failure to discuss the weight, if any, he gave to Dr. Lin's opinion regarding Plaintiff's "marked" limitations in dealing with stress is particularly troubling. "Because stress is highly individualized, mentally impaired individuals may have difficulty meeting the requirements of even so-called low-stress jobs, and the Commissioner must therefore make specific findings about the nature of a claimant's stress, the circumstances that trigger it, and how those factors affect his [or her] ability to work." Collins v. Colvin, No. 15-CV-423-FPG, 2016 WL 5529424, at *3, (W.D.N.Y. Sept. 30, 2016) (internal quotations and citations omitted). An RFC determination may adequately account for a claimant's stress-related limitations without explicitly referencing stress. For example, an RFC limiting a plaintiff to occasional interaction with co-workers and the public, and to the performance of simple, routine tasks, may account for the plaintiff's stress-related limitations. See Ridosh v. Berryhill, No. 16-CV-6466L, 2018 WL 6171713, at *4 (W.D.N.Y. Nov. 26, 2018); see also Moxham v. Comm'r of Soc. Sec., No. 3:16-CV-1170 (DJS), 2018 WL 1175210, at *10, (N.D.N.Y. Mar. 5, 2018) (limitation to "simple tasks and instructions,

decisions on simple work-related matters, and frequent interaction with others" adequately accounted to the plaintiff's stress-related limitations); Cosme v. Colvin, No. No. 15-CV-6121P, 2016 WL 4154280, at *13, (W.D.N.Y. Aug. 5, 2016) (the RFC, which "explicitly required positions involving unskilled work that did not require any contact with coworkers or the public and only limited contact with supervisors" adequately accounted for any limitations dealing with stress.)

21. Here, the ALJ did not include any stress-related limitations in his RFC. The RFC does not limit Plaintiff to simple work or routine tasks, or limit her contact with the public, supervisors, or co-workers. The ALJ rather found that Plaintiff had the RFC to perform all jobs in the economy, with "frequent" contact with the public, supervisors, and co-workers. The ALJ was not required to give any particular weight to Dr. Lin's opinion. However, he was required to explain the basis of his RFC determination in light of its divergence from a medical opinion in the record. Without such explanation, this Court cannot discern the basis of the ALJ's RFC determination, making it unsupported by substantial evidence.

22. Plaintiff also argues that the ALJ did not properly develop the record. Because this Court has determined that remand of this matter is warranted on other grounds, it declines to reach this issue. See, e.g., Bell v. Colvin, No. 5:15-CV-01160 (LEK), 2016 WL 7017395 at *10 (N.D.N.Y. Dec. 1, 2016) (declining to reach arguments on whether substantial evidence supports various determinations made by the ALJ where the court had already determined remand was warranted); Morales v. Colvin, No. 13cv06844 (LGS) (DF), 2015 U.S. Dist. LEXIS 58236, at *80 (S.D.N.Y. Feb. 10, 2015) (the court need not reach additional arguments regarding the ALJ's factual determinations

"given that the ALJ's analysis may change on these points upon remand"), adopted, 2015 WL 2137776, 2015 U.S. Dist. LEXIS 58203 (S.D.N.Y. May 4, 2015). On remand, however, the ALJ must insure that the record is sufficiently developed to allow for a fair and accurate determination.

## CONCLUSION

For the foregoing reasons, this Court finds that the ALJ's determination is not supported by substantial evidence. Therefore, remand is warranted.

IT HEREBY IS ORDERED, that Plaintiff's Motion for Judgment on the Pleadings (Docket No. 11) is GRANTED.

FURTHER, that Defendant's Motion for Judgment on the Pleadings (Docket No. 16) is DENIED.

FURTHER, that this case is REMANDED to the Commissioner of Social Security for further proceedings consistent with this decision.

FURTHER, that the Clerk of Court is directed to CLOSE this case.

SO ORDERED.

Dated:	December 9, 2019
	Buffalo, New York

                                              s/William M. Skretny
                                              WILLIAM M. SKRETNY
                                              United States District Judge